# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:23CR34 |
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | |
| **ROBERT LEON KING** | ) | In violation of: |
| | ) | 18 U.S.C. § 922(g)(1) |
| | ) | 18 U.S.C. §§ 842(i), 844(a) |
| | ) | 26 U.S.C. §§ 5841, 5861(d) and 5871 |
| | ) | |

## COUNT ONE

The Grand Jury charges that:

1. On or about April 18, 2023, in the Western District of Virginia, the defendant, ROBERT LEON KING, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess one or more firearms, to wit: a Stoeger, model STF 2000, 12-gauge shotgun; a Tanfoglio F.LLI, S.N.C., model TA76, .22 caliber revolver; a Savage, model Springfield 94B, 12-gauge shotgun; and a Beretta, model P4X Storm, .40 caliber pistol, said firearms having been shipped and transported in interstate or foreign commerce.

2. All in violation of Title 18, United States Code, § 922(g)(1).

## COUNT TWO

The Grand Jury further charges that:

1. On or about April 18, 2023, in the Western District of Virginia, the

defendant, ROBERT LEON KING, knowingly received and possessed a firearm, to wit a weapon made from a Savage, model Springfield 94B, 12-gauge shotgun with an overall length of less than 26 inches and a barrel of less than 18 inches in length, not registered to him in the National Firearms Registration and Transfer Record.

2. All in violation of Title 26, United States Code, §§ 5841, 5861(d) and 5871.

## COUNT THREE

The Grand Jury further charges that:

1. On or about April 18, 2023, in the Western District of Virginia, the defendant ROBERT LEON KING having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly received and possessed an explosive, to wit: (4) electric explosive detonators (electric blasting caps), which had been shipped and transported in and affected interstate commerce.

2. All in violation of Title 18, United States Code, §§ 842(i), 844(a).

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendant shall forfeit to the United States:

   a. any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

   b. any firearms involved in the commission of said offenses, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c).

   c. any explosive materials involved in the commission of said offenses, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c).

2. The property to be forfeited to the United States includes but is not limited to the

following property:

a. **Firearms and Ammunition**

1. Stoeger, model STF 2000, 12-gauge shotgun, SN: 1130060;

2. Tanfoglio F.LLI, S.N.C., model TA76, .22 caliber revolver, SN: B54273;

3. Savage model Springfield 94B, 12-gauge shotgun, SN: UNKNOWN;

4. Beretta, model P4X Storm, .40 caliber pistol, SN: PY168354;

5. All ammunition, magazines, and accessories associated with these firearms;

6. Commercial electric blasting caps/detonators.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A **TRUE BILL**, this \_\_20th\_\_ day of July, 2023.

_____
Christopher R. Kavanaugh
United States Attorney

/s/ Grand Jury Foreperson
FOREPERSON