IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 7:23-cr-00034 |
| | ) | |
| ROBERT LEON KING | ) | Hon. Robert S. Ballou |
| | ) | United States District Judge |
| | ) | |

## MEMORANDUM OPINION

Defendant King is charged with possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1), possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861 (d), and 5871, and possession of electronic blasting caps by a felon in violation of 18 U.S.C. §§ 842(i) and 844(a). King moves to dismiss the indictment and all three charges on the ground that the statutes are facially unconstitutional and unconstitutional as applied to his case. King's motion asks this court to find unconstitutional the legislative determination that a person convicted of a felony is prohibited from possessing firearms, ammunition, and blasting caps. The United States Supreme Court and the Fourth Circuit instructs that the Second Amendment – while enshrined in the history and tradition of our Constitution – extends only to law abiding citizens. The Supreme Court decision in *New York State Rifle & Pistol Association, Inc.et al., v. Bruen*, 597 U.S. 1 (2022), does not change this conclusion. Likewise, despite having certain political rights restored, King remains a convicted felon and is, therefore, not a law-abiding citizen under the Second Amendment. Thus, King may be prohibited from possessing firearms, ammunition, and blasting caps. Accordingly, King's motion is **DENIED with prejudice**.

I.  **Background**

In April 2023, Giles County Sheriff's Office executed a search warrant in a drug investigation on a home in Pembroke, Virginia. Dkt. 48 at 2. There were six adults at the residence, including King, who lived in one of the bedrooms with his ex-girlfriend. *Id.* While executing the warrant, the sheriff's office saw firearms, ammunition, and explosive devices. *Id.* at 3. The officers sought and received a second warrant to search the property for additional firearms. *Id.* The warrant was immediately executed. *Id.* The officers seized three firearms, including a sawed-off shotgun, ammunition and blasting caps from King's bedroom, and a fourth firearm from outside of King's window. *Id.*

King has three prior felony convictions. In March 1996, King pled nolo contendere and was found guilty of two separate robbery charges. Dkt. 12 at 4–5. In March 2009, he was convicted of a felony driving offense. *Id.* at 6. In December 2019, the Governor of Virginia restored King's "right to vote, hold public office, serve on a jury, and to be a notary public" recognizing that he "ha[d] rejoined society free from state supervision." Dkt. 39-3. The restoration order "remove[d] [King's] . . . political disabilities, except the ability to ship, transport, possess or receive firearms." *Id.*

II.     **Analysis**

In *Bruen*, the Supreme Court prescribed a two-part test to evaluate the constitutionality of a statute purporting to regulate firearms. First, the court asks, does the Second Amendment's "plain text cover an individual's conduct." 597 U.S. at 24. If so, "the Constitution presumptively protects that conduct." *Id.* Second, if the statute regulates protected conduct, the court asks, whether the government can "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside of the Second Amendment's 'unqualified command.'" *Id.*

King argues that under *Bruen* 18 U.S.C. § 922(g)(1) and 18 U.S.C. §§ 842(i) are unconstitutional. King contends that possessing firearms and electronic blasting caps falls within the ambit of the Second Amendment, and thus, the statutes are presumptively unconstitutional, and the government must establish that the provisions are "consistent with the Nation's historical tradition of firearm regulation." Dkt. 39 at 6–11. The government counters that the Second Amendment "extends only to 'law-abiding citizens,' not felons." Therefore, "Congress may properly disarm those who are not law-abiding, responsible citizens" and the challenged statutes are Constitutional. Dkt. 48 at 7–15.  This Court joins the majority of courts, including those in the Western District of Virginia, that have considered this issue in the wake of *Bruen* and concludes that 18 U.S.C. § 922(g)(1) and 18 U.S.C. §§ 842(i) and 844(a) do not violate the Second Amendment. *See, e.g. United States v. Gates*, No. 7:22-cr-00038, 2024 WL 625326 (W.D. Va. Feb. 14, 2024) (Urbanski, J.); *United States v. Robinson-Davis*, No. 7:22-cr-00045, 2023 WL 2495805, at *1 (W.D. Va. Mar. 14, 2023) (Cullen, J.); *United States v. Wagoner*, No. 4:20-cr-00018, 2022 WL 17418000, at *4-5 (W.D. Va. Dec. 5, 2022) (Dillon, J.); *United States v. Perry*, 2023 WL 8809918, at *5 (E.D. Va. Dec. 20, 2023); *U.S. v. Bynum,* 2023 WL 7003690, at *4 (E.D. N.C. Oct. 24, 2023); *U.S. v. Bess*, 2023 WL 7019211, at *1 (D.S.C. Oct. 25, 2023).[1]

---

[1] I acknowledge the differing circuit opinions addressing the constitutionality of 922(g)(1) after *Bruen*. *Compare Range v. Att'y Gen. U.S.*, 69 F. 4th 96, 106 (3rd Cir. 2023) (en banc) ("Because the Government has not shown that our Republic has a longstanding history and tradition of depriving people like Range of their firearms, § 922(g)(1) cannot constitutionally strip him of his Second Amendment rights.") *with United States v. Jackson*, 69 F. 4th 495, 501-02 (8th Cir. 2023) (finding that *Bruen* did not "cast doubt on" the constitutionality of 18 U.S.C. § 922(g)(1)) *and Vincent v. Garland*, 80 F. 4th 1197, 1202 (10th Cir. 2023)(finding that *Bruen* did not abrogate the 10th Circuit's prior precedent upholding the federal ban on felons' possession of firearms). The Fourth Circuit has yet to address this issue. *See Md. Shall Issue, Inc. v. Moore*, 86 F. 4th 1038, 1046 n. 5 (4th Cir. 2023) *reh'g granted en banc*, No. 21-2017, 2024 WL 124290 (4th Cir. Jan. 11, 2024) (acknowledging that several courts have held that the Second Amendment is not limited to "ordinary, law-abiding adult citizens" but declining to address the issue). But I am

The Second Amendment states, "[a] well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed." The "people" has been interpreted to include "all members of the political community, not an unspecified subset." *District of Columbia v. Heller*, 554 U.S. 570, 580 (2008). In dicta, *Heller* defined the "political community" as "law abiding, responsible citizens." *See id.* at 634. King argues that the court is not bound by Supreme Court dicta and should instead interpret "people to mean all Americans." Dkt. 39 at 9. However, the Fourth Circuit expressly adopted Heller's limited conception of "political community" in *United Sates v. Moore*, 666 F.3d 313, 319 (4th Cir. 2012). In *Moore*, the court rejected similar facial and as applied challenges to § 922(g)(1). *Id.* It concluded that *Moore*, a felon, "simply [did] not fall within the category of citizens to which the *Heller* Court ascribed the Second Amendment protection of the 'the right of law-abiding, responsible citizens to use arms in defense of hearth and home.'" *Id.* (emphasis in original). Accordingly, this Court finds that King's conduct is outside the scope of the Second Amendment because he is a felon, and thus, not a "law-abiding, responsible citizens."

King next argues that even if the court finds that the Second Amendment is limited to "law-abiding citizens," he still has a right to own firearms because he was "law-abiding" at the time of his arrest. Dkt. 39 at 10. In support of his argument, King notes: 1) he had completed his prison sentences and was no longer on probation; 2) his most recent felony, driving as a habitual offender, is no longer a felony; and 3) the State of VA recognized him as a "free, franchised, law-abiding citizen." However, the Fourth Circuit has found that felons, regardless of the type or age of their crime, are not "law-abiding," and, thus, not a part of "the political community"

---

persuaded by the district courts in the Fourth Circuit finding that 18 U.S.C. § 922(g)(1) remains constitutional.

whose right to bear arms is guaranteed by the Second Amendment. *See Hamilton v. Pallozzi*, 848 F.3d 614, 626 (4th Cir. 2017) (holding that "conviction of a felony necessarily removes one from the class of 'law abiding, responsible citizens for the purposes of the Second Amendment."); *U.S. v. Pruess*, 703 F.3d 242, 247 (4th Cir. 2012)("We now join our sister circuits in holding that application of the felon-in-possession prohibition to allegedly non-violent felons like *Pruess* does not violate the Second Amendment."). Therefore, King is not entitled to possess firearms regardless of the nature and age of his convictions and the fact that Virginia has restored certain of King's political rights.[2]

The parties dispute whether *Moore* and *Pruess* remain good law after *Bruen.* Dkt. 48 at 11. This Court finds that they are good law, and thus, 18 U.S.C. § 922(g)(1) and 18 U.S.C. §§ 842(i) and 844(a) remain constitutional. As the court explained in *Robinson-Davis*, "[l]ower courts must take the Supreme Court at its word that its recent jurisprudence, which has further strengthened Second Amendment rights, should not be read to push § 922(g)(1) outside the 'safe harbor' of the presumptively valid firearms regulations not subject to heightened scrutiny." 2023 WL 2495805, at *1. *See also Gates*, No. 7:22-cr-00048 ("[A]bsent clear precedent to the contrary, *Bruen* did not invalidate *Moore* or *Pruess,* or *Heller* for that matter, and thus § 922(g)(1) remains constitutional.").

Finally, the government separately argues that 18 U.S.C. §§ 842(i) and 844(a) are constitutional for the additional reason that electronic blasting caps are not "arms" for the purposes of the Second Amendment. Dkt. 48 at 38. However, the Court need not reach this issue. Because King is a felon and therefore not a "law-abiding, responsible citizen," King's conduct is

---

[2] Notably, the certificate recognizing the restoration of King's rights expressly excludes the "ability to ship, transport, possess or receive firearms." Dkt. 39-3.

outside the scope of the Second Amendment regardless of whether electronic blasting caps are "arms." *See supra.*

The court finds that 18 U.S.C. § 922(g)(1) and 18 U.S.C. §§ 842(i) and 844(a) are constitutional on their face and as applied to King. Accordingly, Defendant's Motion to Dismiss is **DENIED with prejudice.**

Entered: February 22, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge